### TATE et al. v. SHOBER.

### No. 1373.

District Court, E. D. Pennsylvania.
April 2, 1941.

Shields, Clark, Brown & McCown, of Philadelphia, Pa., for plaintiff.

Herman H. Krekstein, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

Having experienced the beneficial results of the new Rules of Federal Procedure, 28 U.S.C.A. following section 723c, I am reluctant to sustain an objection to any pleading on the ground that it has been oversimplified, but this complaint misses stating a cause of action by a wide margin, unless, indeed, the allegation that "Defendant owes plaintiff $5,000 as consideration

for an assignment of certain contracts" is sufficient.

The assignment referred to, attached as an exhibit, fails to add anything to the statement quoted. From an inspection of the document, it appears that the defendant has not executed it, and the complaint nowhere indicates what he did or said which caused him to become bound by its terms. The assignment, signed by the plaintiff, acknowledges receipt of $5,000 consideration.

If, as a matter of fact, the complaint is not intended to be grounded upon the written document attached, then there is no statement of a cause of action beyond that quoted above. Without facts to support it, it becomes a mere legal conclusion.

The plaintiffs may file an amended complaint within fifteen days of this order. Otherwise the complaint may be dismissed. See Washburn v. Moorman Mfg. Co., D. C., 25 F.Supp. 546.